UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**HIGH VOLTAGE ENGINEERING
CORPORATION, et al.,**
    Reorganized Debtors

Chapter 11
Case No. 05-10787-JNF
(Substantively Consolidated)

~~~~~~~~~~~~~~~~~~~~~~~~~~

## MEMORANDUM

Upon consideration of 1) the Motion of the High Voltage Engineering Liquidation Trust for an Order Pursuant to Bankruptcy Rule 9019(a) Approving Compromise and Settlement with Goulston & Storrs, P.C. (The "Settlement Motion"); 2) the Settlement Agreement between Stephen S. Gray, as Trustee of the High Voltage Engineering Liquidating Trust and Goulston & Storrs, P.C.; 3) the Proposed Order attached to the Settlement Motion; 4) the Limited Objection to the Settlement Motion filed by Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank"); 5) the Statement of Goulston & Storrs, P.C. Regarding the Form of Order to be Entered Approving the Compromise and Settlement of the Liquidating Trustee's Claims against the Firm, and the citations to authorities contained therein, particularly <u>Munford v. Munford, Inc. (In re Munford, Inc.)</u>, 97 F.3d 449 (11th Cir. 1996),[1] and the Uniform Contribution of Tortfeasors Act, Mass. Gen. Laws ch.

---

[1] The United States Court of Appeals for the First Circuit has recognized that "there is considerable question whether the bankruptcy court possessed the power to

1

231B, § 4; 6) the Affidavit of Richard M. Zielinski in support of the Statement of Goulston & Storrs, P.C. 7) the Declaration of Michael J. Venditto in Support of the Settlement Motion; 8) the representations and arguments of counsel made at the hearing held on November 15, 2006, the Court hereby overrules the Limited Objection filed by Fried Frank and grants the Settlement Motion. The Court finds that the Liquidating Trustee has satisfied his burden under Fed. R. Bankr. P. 9019(a) and Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995). The Court further finds, based upon the uncontested Affidavit of Richard M. Zielinski, a Director of Goulston & Storrs, P.C., and Declaration of Michael J. Venditto, counsel to the Liquidating Trustee, that the settlement was the result of good faith negotiations and was entered into in good faith. The Court shall enter the order attached to the Settlement Motion.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: January 19, 2007

---

make a "good faith" finding preempting future contribution claims by nonsettling parties in these circumstances." Hicks, Muse & Co, Inc. v. Brandt (In re Healthco Intern'l, Inc.), 136 F.3d 45, 53 (1st Cir. 1998). Nevertheless, it did not resolve the question.

2